**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN L. STANN, | : | |
| | : | CIVIL ACTION |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| OLANDER PROPERTY | : | |
| MANAGEMENT CO. INC., et al., | : | |
| | : | NO. 11-7865 |
|     **Defendants.** | : | |

**MEMORANDUM**

Pratter, J.                                                                                                                                                July 23, 2014

**I.    Background[1]**

      This case involves extreme family discord. Plaintiff Susan Stann has sued her mother Sara Stann, and her brother Christopher Stann (the "Individual Defendants"), for allegedly lying to her by claiming that she did not own a share of the family businesses (hereinafter referred to as the "Stann Family Business"). Susan Stann has also sued the two corporations owned by her family, Olander Property Management Co., Inc., and Lander, Inc. (the "Corporate Defendants").

      In her Second Amended Complaint, Susan Stann claims tortious interference with prospective contractual relations (Count I), fraud (Count II), breach of fiduciary duty (Count III), and conspiracy (Count IV). All of her claims stem from the allegation that Sara Stann and Christopher Stann lied to her for over twenty years by stating to her that she did not own a share of the Stann Family Business. Specifically, Susan Stann alleges that during Christmas of 1992

---

[1]     The factual summary is based on the allegations in the Complaint, which the Court assumes to be true for purposes of the motion on the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

and 1993, both Christopher Stann and Sara Stann met with Susan Stann at her house in Downingtown, Pennsylvania, and told her that she did not own a share of the Stann Family Business, when they knew that she did in fact own one share. Susan Stann alleges that this same misrepresentation continued for over twenty years until her mother eventually revealed to her that she did own a share in the business. During the time period that Susan Stann was unaware of her ownership in the business, she alleges that the Defendants' actions financially harmed the Stann Family Business. For example, Susan Stann alleges that one of the Stann Family Business's properties, the Lake Street Apartments, is in tax arrears, and, thus, is in jeopardy of being lost to the bank because of her family's mismanagement.

Plaintiff filed her initial complaint on December 5, 2011, in the Court of Common Pleas of Philadelphia County. Defendants removed the complaint to this Court on December 27, 2011. On January 3, 2012, Defendants moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. Susan Stann amended her complaint; however, Defendants refiled their motion to dismiss for lack of personal jurisdiction and for failure to state a claim. After review of the Defendants' motion, the Court ordered jurisdictional discovery. Following that discovery, Susan Stann filed her Second Amended Complaint on December 4, 2013. The current motion before the Court is Defendants' renewed Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim.

## II.     Legal Standards

### A.     Personal Jurisdiction

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a nonresident to the extent allowed by the law of the state in which it sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm

statute provides that a court may exercise personal jurisdiction over non-resident defendants "to the constitutional limits of the due process clause of the fourteenth amendment." *Mellon Bank (East) PSFS, Nat'l Ass'n. v. Farino*, 920 F.2d 1217, 1221 (3d Cir. 1992) (interpreting 42 Pa. Cons. Stat. Ann. § 5322(b)).

Due process requires that (1) the defendant have "minimum contacts" with the forum state, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[Minimum] contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))). "When minimum contacts are present, the exercise of personal jurisdiction over defendants must accord with traditional notions of fair play and substantial justice." *Mendelsohn, Drucker & Associates v. Titan Atlas Mfg., Inc.*, 885 F. Supp. 2d 767, 774 (E.D. Pa. 2012) (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990).

A federal court may exercise personal jurisdiction over a defendant in one of two ways. General personal jurisdiction is appropriate when a cause of action "arises from the defendant's non-forum related activities," and the defendant's contacts with the forum are continuous and systematic. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996); *see also Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 n. 1 (3d Cir. 2002) (noting distinction between general and specific jurisdiction). By contrast, specific personal

jurisdiction can be invoked when a cause of action arises from the defendant's forum-related activities. *Vetrotex*, 75 F.3d at 151.

In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true. However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996). The plaintiff must establish those contacts with reasonable particularity. *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1996). Once the plaintiff makes out a *prima facie* case in support of personal jurisdiction, the burden shifts to the defendant to establish that some other considerations exist which would render exercise of personal jurisdiction unreasonable. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992)

### B.     Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.*

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand the Court turn its back on reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

5

conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). Finally, "if a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## III. DISCUSSION

### A. Personal Jurisdiction

The Defendants claim that the Court has neither general nor specific jurisdiction over them. As detailed above, the Court allowed for jurisdictional discovery so that this issue could be fully and fairly aired. Based on the factual assertions contained in Susan Stann's affidavit, the Court concludes that she has established that the Court has specific jurisdiction over each of the Defendants.[2]

For specific jurisdiction to exist, it must be true that: (1) the defendant "purposefully directed [its] activities" at Pennsylvania, (2) the litigation "arise[s] out of or relate[s] to" at least one of the defendant's activities in Pennsylvania, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir.2007) (citations omitted). "Personal jurisdiction may be exercised over a non-resident defendant who, while present in the forum state, makes a deliberate

---

[2] It is unclear whether Susan Stann is asserting that the Court has general jurisdiction over the Defendants; however, because the Court concludes that it has specific jurisdiction over them, it does not need to determine whether it has general jurisdiction.

misrepresentation during . . . direct oral communications with the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

In her affidavit, Susan Stann alleges that:

> While meeting with me at my home (514 Wm Salisbury, Downingtown, PA) during Christmas of 1992 and 1993, defendant [Christopher] Stann and defendant [Sara] Stann lied to me, misrepresenting that I didn't own a share of the Stann Family Business. While making such a misrepresentation, [Christopher Stann and Sara Stann] knew that they were misrepresenting an existing fact, and that I did own one of four shares of the Stann Family Business.

Pl's Opp., Ex. X, ¶¶ 82-83. Thus, although the Court notes the Defendants' argument that many of Susan Stann's allegations are unspecific and that some are irrelevant, the referenced assertion is enough to confirm the Court's personal jurisdiction over Christopher and Sara Stann.[3]

In addition, the Court has specific jurisdiction over the Defendants under the so-called "effects" test, based on *Calder v. Jones*, 465 U.S. 783 (1984). The "effects" test has three parts:

> First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 256 (3d Cir. 1998). In this case, all of Susan Stann's claims are intentional torts; thus, the first part of the effects test is met. Additionally,

---

[3] "A determination of specific personal jurisdiction over a defendant is claim specific, [h]owever, where the considerations in analyzing jurisdiction do not differ between particular claims, a claim specific analysis is not necessary." *Bhd. of Locomotive Engineers & Trainmen v. United Transp. Union,* 413 F. Supp. 2d 410, 417 (E.D. Pa. 2005) (internal citation omitted). In this case, Susan Stann advances the following counts: (1) tortious interference with prospective contractual relations; (2) fraud; (3) breach of fiduciary duty; and (4) conspiracy to commit fraud. After considering the substance of each of Susan Stann's claims, the Court finds that the jurisdictional analysis to be applied to each claim is the same because the allegations share a similar motivation—that is, each claim asserts that Defendants caused harm by repeatedly lying to Susan Stann about her ownership in the Stann Family Business.

Susan Stann alleges that she felt the harm in Pennsylvania as that is where she resides. Finally, it is clear that based on Susan Stann's allegations in her affidavit, Christopher and Sara Stann expressly aimed the tortious conduct at this forum because they were in Pennsylvania when they misrepresented to Susan Stann her status vis à vis the business. Thus, all three prongs have been met, and Susan Stann has established that the Court has personal jurisdiction over Christopher and Sara Stann.

The Court also has personal jurisdiction over the Corporate Defendants. While the Corporate Defendants did not have direct contact with Pennsylvania, in her affidavit, Susan Stann alleges that Sara Stann and Christopher Stann are agents for the Corporate Defendants. Pl's Opp., Ex. X, ¶ 67-68. And, "[t]he Pennsylvania long arm statute explicitly provides for jurisdiction 'over a person . . . who acts directly or by an agent . . . .'" *Aircraft Guar. Corp. v. Strato-Lift, Inc.*, 974 F. Supp. 468, 472-73 (E.D. Pa. 1997) (citing 42 Pa. Cons.Stat. Ann. § 5322(a) (Purdon's 1981 & Supp. 1997). Additionally, federal courts have "consistently held that exercising jurisdiction over a principal for the acts of its agent comports with constitutional due process." *Id.* (citing *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 483 (3d Cir.1993); *Farino*, 960 F.2d at 1226 n. 5. Thus, because Susan Stann has alleged that Christopher Stann and Sara Stann acted on behalf of the Corporate Defendants when they misrepresented her ownership interest, the Court also has jurisdiction over the Corporate Defendants. (Sec. Am. Compl. ¶110.)

Finally, the Court's exercise of personal jurisdiction over the Defendants comports with traditional notions of fair play and substantial justice. Defendants contend that it would be "unduly burdensome" to litigate this matter in Pennsylvania as the Individual Defendants do not reside in Pennsylvania. Def.'s Br. 12 n.13. However, "[t]he burden on a defendant who wishes to

show an absence of fairness or lack of substantial justice is heavy." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993). Once the plaintiff has made out a prima facie case of minimum contacts, as in the case here, "the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Carteret Sav. Bank*, 954 F.2d at 150. The Court concludes that the burden of litigating in this forum does not meet the substantial burden to establish an absence of fairness in exercising personal jurisdiction. Additionally, Pennsylvania has an interest in litigating this case because Susan Stann is a resident of Pennsylvania and she alleges that she was harmed within the forum. *See Grand Entm't*, 988 F.2d at 483 (finding state interest when resident brought a claim for a harm allegedly caused by the defendant within the forum). Thus, it is appropriate for the Court to exercise jurisdiction over the Defendants in this case.

    **B.**    **Failure to State a Claim**

        **i.**    **Statute of Limitations**

Defendants assert that each of Susan Stann's claims is barred by the applicable statute of limitations. Under Pennsylvania law, tort actions are subject to a two (2) year statute of limitations. 42 Pa.C.S. § 5524; *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005). A statute of limitations defense can be used in the context of a Rule 12(b)(6) motion to dismiss only where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385, n. 2 (3d Cir. 1994). Defendants are correct that there are no allegations in the Complaint that occurred during the two years prior to the filing of the Complaint. However, "it is well-established that Pennsylvania law recognizes a 'discovery rule' exception to the statute of limitations which delays the running of the statute until the plaintiff

knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." *Wise v. Mortgage Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 395-96 (E.D. Pa. 2006) (quoting *Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140, 144 (3d Cir. 1997). "Moreover, when the underlying events being sued upon sound inherently in fraud or deceit . . . that, without more, will toll the statute of limitations until such time as the fraud has been revealed, or should have been revealed by the exercise of due diligence by the plaintiff." *Id.* (quoting *Beauty Time, Inc.*, Inc., 118 F.3d at 144) (internal quotation marks omitted.) "Any determination of a plaintiff's ability, in the exercise of reasonable diligence, to ascertain his injury and its cause involves a factual determination," and, accordingly, "this issue is generally decided by a jury, unless the court finds that 'reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause and that therefore the discovery rule does not apply as a matter of law.'" *Padalino v. Standard Fire Ins. Co.*, 616 F. Supp. 2d 538, 547 (E.D. Pa. 2008) (quoting *Drelles v. Mfr. Life Ins. Co.*, 881 A.2d 822, 832 (Pa. Super. Ct. 2005).

In her Second Amended Complaint, Susan Stann alleges that her claims were tolled because of the discovery rule. 2d Am. Compl. ¶ 143. She explains that Defendants continuously misrepresented to her that she did not have an ownership share in the Stann Family Business. Susan Stann further alleges that she had no reason to question Sara and Christopher Stann's assertions because they were family, and that she had no way to discover their misrepresentations because her mother and brother were in charge of the Stann Family Business. *Id.* at 143-144, 164.

Based on the allegations in the Second Amended Complaint, the Court cannot conclude at this juncture that as a matter of law Susan Stann's claims are barred by the statute of

limitations. Her claims sound inherently in fraud, and, thus, the statutes of limitations for these claims are tolled "until such time as the fraud [was] revealed or should have been revealed by the exercise of due diligence by the plaintiff." *Wise*, 420 F. Supp. 2d at 395-96. Susan Stann has adequately alleged that she could likely not have discovered Defendants' wrongful actions until her mother revealed them to her.[4] Accordingly, Defendants have failed to establish that Susan Stann's claims are barred by the statute of limitations.[5]

---

[4] Susan Stann does not provide an exact date for when her mother revealed to her that she did in fact own a share of the Stann Family Business. Thus, it is not clear from the face of the Complaint that the claim is barred by the statute of limitations. However, if during discovery it becomes clear that Susan Stann was aware of the misrepresentation prior to December 5, 2009, (two years before she filed her Complaint), then Defendants may reassert their statute of limitations defense at that appropriate juncture.

[5] The cases Defendants cite to support their statute of limitations argument are inapposite. In *Perelman v. Perelman*, the Third Circuit Court of Appeals determined that neither the discovery doctrine nor the fraudulent concealment doctrine saved plaintiff's time barred claim, because plaintiff admitted that he became concerned with the underlying transaction in 2007 and thus, the Court determined that a person exercising reasonable diligence would have investigated the claim at that point. 545 F. App'x 142, 150 (3d Cir. 2013.) In this case, it is not clear from the Second Amended Complaint that Susan Stann was aware, or should have been aware, of Defendants' misrepresentation by a certain date so that her claim would be time barred. Additionally, in *Garcia-Valentie v. McKibbin*, which the Defendants also cite for support, the district court dismissed plaintiff's claim as barred under the statute of limitations because the complaint and brief did not address any tolling doctrines. No. 06-509, 2007 WL 2022067, *5 (E.D. Pa. July 9, 2007.) Finally, in *Zlotnick v. PaineWebber Inc.*, the court concluded that Plaintiff failed to adequately allege tolling because he did not assert that he made reasonable inquiries that would have been available to him based on public financial records. No. 92-1271, 1992 WL 111383, *4 (E.D. Pa. May 14, 1992). In this case, it does not appear from the Second Amended Complaint that Susan Stann could have taken further investigation and action because her mother and her brother, the individuals who were misrepresenting her ownership, were the only other owners and controllers of the close corporation.

**i.** Fraud[6]

Defendants allege that Susan Stann has failed to allege specific facts necessary to maintain a fraud claim. "To establish common law fraud [under Pennsylvania law], a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 225 n. 13 (3d Cir. 2008). Additionally, "pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

Defendants allege generally that Susan Stann's Second Amended Complaint does not adequately allege fraud because it is "repetitive and rambling [] [and] makes bald accusations . . ." Defs.' Br. 18. The Court recognizes Defendants' frustration regarding the unnecessary length and repetitive nature of the Second Amended Complaint. However, after a careful reading of the Second Amended Complaint, it is clear that Susan Stann has adequately set forth her fraud claim. Specifically, in her Second Amended Complaint Plaintiff alleges:

> Defendant Christopher L. Stann and defendant Sara J. Stann travelled to 514 Wm Salisbury, Downingtown, Pennsylvania [] [Susan Stann's home] for Christmas in 1992 and Christmas in 1993. While meeting with plaintiff at [her home] during Christmas 1992 and 1993, defendant [Christopher L. Stann] and defendant Sara J.

---

[6] All parties exclusively rely on Pennsylvania law, and, thus, the Court will apply Pennsylvania law to Plaintiff's fraud claim.

> Stann misrepresented to plaintiff that she did not own a share of the Stann Family Business. . . . Individual Defendants knew that Plaintiff owned one of four shares of the Stann Family business. Individual Defendants set out to deceive Plaintif, and to steal her share of the Stann Family Business. [The conduct] []was also undertaken on behalf of the corporate defendants.

2d. Am. Compl. ¶¶ 135-136, 139. Additionally, Susan Stann alleges that she was harmed by Defendants' misrepresentation in numerous ways; for example, she claims that she did not receive dividends from the businesses for more than twenty years. *Id.* at 146. Accordingly, Susan Stann has adequately alleged the identities of the individuals who made the misrepresentations (Christopher and Sara Stann), the date and location of the fraud (Susan Stann's house during Christmas 1992 and 1993), the Defendants' intentions for making the misrepresentations, and examples of how Susan Stann has been damaged because of the fraud. Thus, Susan Stann has adequately alleged her claim for fraud.

    **ii.**    Tortious Interference with Prospective Contractual Relations[7]

In Susan Stann's Second Amended Complaint, she asserts a cause of action for tortious interference with prospective contractual relations.

> Under Pennsylvania law, to prevail on a claim for tortious interference with existing or prospective contractual relationships, a party must prove: (1) the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the defendant's interference.

*Acumed LLC v. Advanced Surgical Servs.*, Inc., 561 F.3d 199, 212 (3d Cir. 2009).

---

[7] For the purposes of the Motion to Dismiss, the parties both assert that Pennsylvania law applies. However, the elements of a tortious interference claim under Illinois law are similar. *See Ali v. Shaw,* 481 F.3d 942, 944 (7th Cir. 2007).

Plaintiff's tortious interference claim is confusing. She contends that because Defendants lied to her about her ownership of the Stann Family Business, the Lake Street Apartments (one of the properties owned by the Stann Family Business) fell into disrepair, and, thus, she lost her opportunity to contract with U.S. Bank[8] and the vaguely described "investors, tenants, [and] lenders. 2d. Am. Compl. ¶¶120-21. However, while Susan Stann asserts in her brief in opposition that she would have had the contractual relationship with U.S. Bank and the various other parties absent Defendants' misconduct, it is clear from the briefing and the Second Amended Complaint that, in reality, the Stann Family Business—not Susan Stann— would be in the position to have the prospective contractual relationships with those entities. 2d. Am. Compl. ¶ 7. Thus, Plaintiff has failed to allege the first element of tortious interference claim—the existence of a prospective contractual or economic relationship between the *plaintiff* and a third party—and her claim fails as a matter of law.[9] Accordingly, the Court will dismiss this claim.

    **iii.**    Conspiracy[10]

---

[8]    U.S. Bank appears to be the recent purchaser of the Lake Street Apartments.

[9]    It is clear from the Second Amended Complaint and Plaintiff's briefing that she has attempted to repackage her fraud claim into a tortious interference claim. However, as detailed above, a tortious interference claim simply does not fit the alleged facts of this case. Susan Stann's claim for tortious interference would also likely fail because her alleged facts regarding her prospective contractual relationships with U.S. Bank and the various unspecified investors, tenants and lenders, does not amount to something "more than a mere hope or the innate optimism of the salesman." *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 471 (1979). *See also Wolk v. Teledyne Indus., Inc.*, 475 F. Supp. 2d 491, 512 (E.D. Pa. 2007) (vague allegations about harm to business relationships did not state claim for tortious interference with prospective contract.) Thus, she did not adequately allege the existence of prospective contractual relationships.

[10]    Again, all parties exclusively rely on Pennsylvania law, and, thus, the Court will apply Pennsylvania law to Plaintiff's conspiracy claim.

Defendants also assert that Susan Stann has failed to sufficiently plead a claim for civil conspiracy. To state a cause of action for civil conspiracy under Pennsylvania law a plaintiff must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-988 (Pa. Super. Ct. 1997)). In her Second Amended Complaint, Plaintiff generally alleges that the Defendants conspired to "unlawfully and fraudulently deprive plaintiff Susan L. Stann out of her share of the Stann Family Business." 2d. Am. Compl. ¶ 166. She alleges that the Defendants "lied to plaintiff, incorrectly informing plaintiff that she did not own any part of the Stann Family Business." *Id.* She also alleges that the purpose of the conspiracy was to unlawfully take Plaintiff's share of the businesses. *Id.* at ¶ 167.

However, Plaintiff has failed to state a claim for civil conspiracy because she does not adequately plead the existence of an agreement between the Defendants.

> To adequately plead the existence of an agreement, a plaintiff is required to allege "enough factual matter (taken as true) to suggest that an agreement was made." In other words, Plaintiff must do more than allege that "there was an agreement." She must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement."

*Shankin v. Harborview Mortgage Loan Trust Mortgage Loan Pass Through Certificate Series 2007-5 ex rel. Deutsche Bank Nat. Trust Co.*, No. 12-3736, 2013 WL 3957147, *3 (E.D. Pa. July 31, 2013) (quoting *Twombly*, 550 U.S. at 556.) Plaintiff has not even specifically alleged that an agreement was made. Thus, she clearly has failed to include any facts that would support the conclusion that an agreement existed. *See Parkland Servs., Inc. v. Maple Leaf Foods, Inc.*, No. 12-6788, 2013 WL 1688871, at *5 (E.D. Pa. Apr.18, 2013) (dismissing a complaint because it

15

offered "no explanation or illustration of the purported conspiracy-i.e., no allegation as to how and when the conspiracy was conceived, why it was carried out, or any overt acts done by Defendants in pursuance thereof."). Thus, because Susan Stann has failed to adequately allege an agreement between the Defendants to harm her, her conspiracy claim will be dismissed without prejudice.

> **iv.** Breach of Fiduciary Duty[11]

In her Second Amended Complaint, Susan Stann alleges that the Sara and Christopher Stann breached their fiduciary duties to her by (1) misrepresenting to her that she did not own a share in the family business; (2) taking money from the business which rightfully belongs to her; and (3) mismanaging the business. "To state a claim for breach of fiduciary duty under Illinois law a plaintiff must allege that (1) a fiduciary duty exists; (2) the fiduciary duty was breached; and (3) the breach proximately caused his injuries." *Richard Knorr Int'l, Ltd. v. Geostar, Inc.*, No. 08-5414, 2010 WL 3419504, *5 (N.D. Ill. Aug. 25, 2010) (*citing Prodromos v. Everen Secs., Inc.*, 389 Ill. App. 3d 157, 329 (Ill. App. Ct. 2009).

"Under Illinois law, a shareholder in a close corporation owes a duty of loyalty to the corporation and to the other shareholders." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218

---

[11] Both parties agree that Illinois law applies to Susan Stann's breach of fiduciary duty claim because Olander Property Management Co., Inc., and Lander, Inc. are incorporated in Illinois. *See Winer Family Trust v. Queen*, 503 F.3d 319, 338 (3d Cir. 2007) (citing *Resolution Trust Corp. v. Cityfed Fin. Corp.*, 57 F.3d 1231, 1236 n.5 (3d Cir. 1995), vacated on other grounds sub nom. *Atherton v. FDIC*, 519 U.S. 213 (1997) ("[T]he applicable law governing the liability of officers and directors for their stewardship of the corporation i[s] the law of the jurisdiction of incorporation.")). In any event, under Pennsylvania law the elements for a breach of fiduciary duty are similar and a plaintiff must allege: (1) a fiduciary relationship;  (2) "that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which he or she was employed;" (3) "[t]hat the plaintiff suffered injury;" and; (4) "the defendant's failure to act solely for the plaintiff's benefit was a real factor bringing about plaintiff's injuries." *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 414-15 (E.D. Pa. 2006).

(7th Cir. 1995). Thus, because the Stann Family Business is a close corporation, Sara Stann and Christopher Stann owe a fiduciary duty to Susan Stann as shareholders. And because Susan Stann has also successfully pled the remaining elements of a fiduciary duty claim, her claim against her mother and brother survive.

However, corporations do not owe fiduciary duties to their shareholders. *See Small v. Sussman*, 306 Ill. App. 3d 639, 239 (Ill. App. Ct. 1999) ( "[T]he circuit court also correctly dismissed the breach of fiduciary duty claim as to [the corporate defendant] on the independent grounds that a corporation—as distinct from its officers and directors-does not owe a duty to shareholders. That holding is black letter law in Illinois."); *see also Richard Knorr Int'l, Ltd.*, 2010 WL 3419504, *5. Thus, Plaintiff cannot maintain a breach of fiduciary duty claim against the Corporate Defendants, Olander Property Management Co., Inc., and Lander, Inc., and those claims will be dismissed.[12]

## III. CONCLUSION

Thus, for the foregoing reasons, the Court will deny Defendants' Motion to Dismiss for lack of personal jurisdiction and will grant in part, and deny in part Defendants' Motion to Dismiss for failure to state a claim. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[12] In her brief, Plaintiff points the Court to a 55 year-old Illinois state law case that addresses only the narrow context of the corporation's duty with respect to stock transfers. *See Holmes v. Birtman Electric Co.*, 22 Ill. App. 2d 72, 78-79 (1959). However, the Court can find no allegations in Plaintiff's complaint that discuss a stock transfer, and, thus, the facts and legal discussion in *Holmes* is not relevant to this case.